```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                           JACKSON DIVISION
```

BRANDON E. GRAY                                              PLAINTIFF

V.                                   CIVIL ACTION NO. 3:12CV644TSL-JMR

VENABLE'S CONSTRUCTION, INC.                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Venable's Construction Company (Venable's) to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Plaintiff Brandon E. Gray has not responded to the motion and the time for doing so has since expired.  Having reviewed the memorandum and record in this case, the court concludes that defendant's motion is well taken and should be granted.

Plaintiff, alleged to be a Mississippi resident, filed this suit against Venable's, alleged to be a Texas corporation, seeking to recover for an alleged violation of Title VII as well as for alleged violations of state law.  By his motion, defendant contends that dismissal is required inasmuch as plaintiff cannot sustain his burden to demonstrate that the court has personal jurisdiction over it.  The court agrees.

It is well established that this court, exercising diversity subject matter jurisdiction, may exercise personal jurisdiction over a nonresident only to the extent allowed by a state court under applicable state law. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997), cert. denied, 522 U.S. 1048, 118 S. Ct. 691, 139 L. Ed. 2d 637 (1998). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." Id. (quoting Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 616 (5th Cir. 1989)). It is the plaintiff's burden to establish jurisdiction. Guidry v. U.S. Tobacco Co., 188 F.3d 619, 625 (5th Cir. 1999).

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

Further, the due process clause "requires satisfaction of a two-prong test in order for a federal court to properly exercise

jurisdiction: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with 'traditional notions of fair play and substantial justice.'" Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 343 (5th Cir. 2004) (citing Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784 (5th Cir. 1990), and International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

Where, as here, the court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff is only required to make a *prima facie* case that jurisdiction is proper. Paz v. Brush Engineered Materials, Inc., 445 F.3d 809, 812 (5th Cir. 2006).  To determine whether a *prima facie* case for jurisdiction has been made, "uncontroverted allegations in the plaintiff's complaint must be taken as true," Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (citations omitted).  This being said, the court is not limited to consideration of only the assertions in the plaintiff's complaint; rather, it may also "consider the contents of the record at the time of the motion, including affidavits ...,' " Paz, 445 F.3d at 812 (quoting Quick Technologies, Inc. v. Sage Group, PLC, 313 F. 3d 338, 343 (5th Cir. 2002)).

Plaintiff's complaint is devoid of any allegations of any activity which allegedly occurred in Mississippi so as to satisfy

3

the long-arm statute.  Furthermore, in support of its motion, Venable's points to the affidavit of Doug Ellis, Venable's Human Resources Manager/Office Manager, wherein he states that Venable's: (1) is a pipeline construction company organized under the laws of another state and with its principal place of business in Dumas, Texas; (2) does not maintain a registered agent or officer for service of process; (3) does not maintain any offices, post office boxes, places of business, or telephone listings in Mississippi; (4) has no real estate, bank accounts or other property interest in Mississippi; (5) is not registered to do business in Mississippi and (6) does not employ anyone in Mississippi.  Based on the complaint and record evidence, the court concludes that plaintiff has failed to demonstrate a *prima facie* case of jurisdiction, defendant's motion will be granted.

Accordingly, it is is ordered that defendant's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 1st day of July, 2013.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

4